**Frank Jimmy SNIDER, Jr., Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 11140.**

United States Court of Appeals Fourth Circuit.

Argued May 1, 1967.

Decided Oct. 26, 1967.

Harvey S. Lutins, Roanoke, Va., for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

PER CURIAM:

Snider, who has long been unsuccessfully engaged in an effort to upset his conviction for rape, sought an order in the District Court enjoining the execution of the death sentence which had been imposed upon him. He asserted present insanity.

The District Court denied the requested relief after procuring Snider's transfer to the Southwestern State Hospital at Marion, Virginia, where he underwent psychiatric examination, and after having him examined also by a commission of three court-appointed psychiatrists. We affirm.

Two of the doctors who examined Snider while he was undergoing study at Marion expressed the opinion that he was psychotic. The Superintendent of the hospital and its Chief Psychiatrist thought that he was not. The latter opinion was shared by each of the three psychiatrists whom the Court appointed to examine Snider. They were of the opinion that he has a sociopathic personality, but without any psychosis. There were indications of depression, anxiety, and nervousness, but their extent appeared entirely appropriate to his circumstances. He is well-oriented and fully aware of the circumstances in which he

finds himself. He is of normal intelligence and in good physical health.

 We cannot accept the contention on appeal that every sociopath is so mentally defective as to be immune from execution of the death penalty. With no psychosis, his complete orientation leaves no room for the present assertion of this contention to which we adverted in an earlier opinion. Snider v. Cunningham, 4 Cir., 292 F.2d 683. There may still remain, however, a moral question as to whether or not Virginia should take the life of this man considering the present psychiatric diagnosis in light of the mental and emotional defects so strongly indicated by the depravity of his conduct during and preceding the commission of the rape. That only remaining question, however, is not one for judicial resolution; it may appropriately be presented only to the Governor of Virginia.

Affirmed.